```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------------x

 3   UNITED STATES of AMERICA,

 4            -against-                    S1 19 CR 35
                                          Plea
 5
     DARRELL JONES,
 6
                     Defendant.
 7
     ------------------------------------x
 8
                                      United States Courthouse
 9                                    White Plains, New York

10                                    May 9, 2019

11

12   B e f o r e:   THE HONORABLE LISA MARGARET SMITH,
                                     District Court Magistrate Judge
13


14
     GEOFFREY S. BERMAN
15        United States Attorney for
          the Southern District of New York
16   SAMUEL RAYMOND
          Assistant United States Attorney
17


18
     FEDERAL DEFENDERS OF NEW YORK INC. (WHITE PLAINS)
19           ATTORNEYS for Defendant
     BY:  SUSANNE BRODY
20

21

22

23

24

25
```

1              THE CLERK:  In the matter of the United States of

2    America versus Darrell Jones.

3              Counsel, please note your appearance for the record.

4              MR. RAYMOND:  Good afternoon, your Honor.  Sam

5    Raymond for the United States.

6              THE COURT:  Good afternoon, Mr. Raymond.

7              MS. BRODY:  Good afternoon, Judge.  Susanne Brody

8    with Darrell Jones.

9              THE COURT:  Good afternoon, Ms. Brody.

10             MS. BRODY:  Your Honor, we're here today because the

11   government has filed a superseding information.  My client is

12   prepared to waive indictment and proceed with the superseding

13   information.

14             Additionally, when we get to that part of the

15   program, the case has been previously assigned to Judge Román

16   who has referred the plea to this Court.  My client today is

17   prepared to plea to the super -- two-count superseding

18   information and the plea will be entered pursuant to an

19   April 18 plea agreement with the government.

20             And we also have signed for the Court the waiver of

21   the Article III Judge.

22             THE COURT:  Thank you.

23             Mr. Jones, I want to advise you that this is not a

24   trial.  It is my understanding that you have decided to enter a

25   plea of guilty in this case.  This proceeding is for the

1    purpose of ensuring that you are aware of your rights in

2    connection with that plea, and that any waiver of those rights

3    is knowing and voluntary, prior to entering your plea of

4    guilty, if you still decide to do that.

5              During this proceeding, I will also ask you some

6    questions to make sure that you are competent to plead guilty

7    and by that I mean that I need to determine whether you are

8    able to understand what is going on here today, and that you

9    are not under the influence of any physical or mental or

10   emotional condition, or affected by any controlled substance

11   which may impact upon your ability to understand what is going

12   on.

13             Do you understand that?

14             THE DEFENDANT:  Yes, ma'am.

15             THE COURT:  Mr. Jones, if at any time you do not hear

16   or understand what I say to you, I want you to interrupt me so

17   that I can repeat and explain what I've said, and so that you

18   can have an opportunity to consult with Ms. Brody to make sure

19   that you've heard and understood everything I've said and

20   everything I've asked you.

21             Do you understand that?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  And will you do that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  You have an absolute right to be

1      represented by counsel at this and at every stage of the

2      proceedings against you, and you have the right to consult with

3      your attorney prior to answering any questions.

4                  Do you understand that?

5                  THE DEFENDANT:  Yes, your Honor.

6                  THE COURT:  For that reason, you should consult with

7      Ms. Brody before answering any further questions, including

8      questions that I'm going to ask you during this proceeding.

9                  Do you understand that?

10                 THE DEFENDANT:  Yes, your Honor.

11                 THE COURT:  Mr. Jones, if you were to become

12     unsatisfied with Ms. Brody's services, you would be entitled to

13     apply to the Court for a new attorney to represent you, and if

14     the Court was still satisfied that you could not afford to hire

15     a lawyer and that there was an appropriate reason to relieve

16     your current lawyer, a new lawyer would be appointed to

17     represent you with no cost to you.

18                 Do you understand that?

19                 THE DEFENDANT:  Yes, your Honor.

20                 THE COURT:  Ms. Embola, would you place the defendant

21     under oath or affirmation, please.

22                 (Darrell Jones sworn)

23                 THE COURT:  It is important for you to understand

24     that if you knowingly make a false statement during these

25     proceedings, you could be subject to prosecution for the crime

1    of perjury, or for making a false statement to the Court, and

2    you could face a punishment of up to five years in prison, and

3    a $250,000 fine for committing such a crime.  Such punishment

4    would be separate and apart from any sentence you may be facing

5    on the crimes charged in the superseding felony information or

6    the underlying indictment.  In addition, any statement that you

7    make during this proceeding may be used against you for

8    purposes of such a prosecution.

9              Do you understand that?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  What's your full name, sir?

12             THE DEFENDANT:  Darrell Lorenzo Jones.

13             THE COURT:  Say the middle name again.

14             THE DEFENDANT:  Lorenzo.

15             THE COURT:  Lorenzo.  How old are you, sir?

16             THE DEFENDANT:  Fifty.

17             THE COURT:  Do you read, write, speak and understand

18   the English language?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  How far did you go in school?

21             THE DEFENDANT:  Some college.

22             THE COURT:  Have you been treated within the last

23   three months for any mental illness or for addiction to drugs

24   or to alcohol?

25             THE DEFENDANT:  No, ma'am.

1          THE COURT:  Have you, either today or at any other

2   time in your life, taken or used any drugs, marijuana, alcohol,

3   medication or any other substance which currently affects your

4   ability to think or to understand these proceedings that are

5   going on here today?

6          THE DEFENDANT:  No, your Honor.

7          THE COURT:  Ms. Brody, have you discussed this matter

8   fully with Mr. Jones?

9          MS. BRODY:  I have, Judge.

10          THE COURT:  Are you satisfied that he is fully

11   capable of understanding and participating in this proceeding?

12          MS. BRODY:  Yes, your Honor.

13          THE COURT:  Mr. Raymond, do you have any doubt that

14   the defendant is competent to participate in this proceeding?

15          MR. RAYMOND:  No doubts, your Honor.

16          THE COURT:  I'm satisfied on the basis of these

17   representations and my observations of Darrell Jones that he is

18   fully competent to understand and participate in this

19   proceeding.

20          Mr. Jones, you are charged by this superseding felony

21   information with one count of possession of a firearm in

22   furtherance of a drug trafficking crime, and one count of

23   possession with intent to distribute a controlled substance,

24   specifically 100 grams and more of mixtures and substances

25   containing a detectable amount of heroin.

1          Ms. Embola, would you arraign the defendant on the

2    waiver of indictment, please.

3          THE CLERK:  Mr. Jones, have you signed this waiver of

4    indictment?

5          THE DEFENDANT:  Yes, ma'am.

6          THE CLERK:  Have you signed it voluntarily?

7          THE DEFENDANT:  Yes, ma'am.

8          THE CLERK:  Before signing this waiver, did you

9    discuss it with your attorney?

10          THE DEFENDANT:  Yes, ma'am.

11          THE CLERK:  Did your attorney explain this waiver to

12    you?

13          THE DEFENDANT:  Yes, ma'am.

14          THE CLERK:  Do you understand that you are under no

15    obligation to waive indictment?

16          THE DEFENDANT:  Yes, ma'am.

17          THE CLERK:  Do you understand that if you don't waive

18    indictment and the government wants to prosecute you, you'll

19    have to present your case to a Grand Jury which may or may not

20    indict you?

21          THE DEFENDANT:  Yes, ma'am.

22          THE CLERK:  Do you understand what a Grand Jury is?

23          THE DEFENDANT:  Yes, ma'am.

24          THE CLERK:  Have you seen a copy of the felony

25    information?

1          THE DEFENDANT:  Yes, ma'am.

2          THE CLERK:  Do you waive its public reading?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  The written waiver of indictment is

5     accepted.  I'm signing the original and I'm marking it as Court

6     Exhibit 1 for today's date.

7          Judge Román does have a standing order permitting a

8     guilty plea to be entered before the designated Magistrate

9     Judge.

10          Ms. Brody, is it your client's wish to proceed before

11     me?

12          MS. BRODY:  It is, your Honor.

13          THE COURT:  Mr. Jones, this proceeding is referred to

14     as a plea allocution.  I want you to understand that you have

15     the absolute right to have this plea allocution conducted

16     before a United States District Judge.  It is the District

17     Judge, in this case Judge Román, who will impose sentence in

18     your case.  If you consent and if you agree, then I will

19     conduct the plea allocution, and I will then make a report to

20     Judge Román in which I will recommend whether or not he should

21     accept your plea of guilty.

22          I will make that recommendation based on the

23     information that is brought out during today's proceedings.  It

24     is important for you to understand that the Court will not

25     accept your plea unless the Court is satisfied that you fully

1  understand all of your rights and that you are, in fact,

2  guilty.

3          Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you understand that you have an

6  absolute right to have this plea allocution conducted before a

7  United States District Judge?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you agree and is it your wish that I

10  should conduct the plea allocution?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Ms. Embola, would you have the defendant

13  identify his signature on the consent form, please.

14          THE CLERK:  Mr. Jones, I show you this consent form.

15  Is this your signature affixed to the document?

16          THE DEFENDANT:  Yes, ma'am.

17          THE CLERK:  Have you signed this document -- have you

18  read this document and discussed it with your attorney?

19          THE DEFENDANT:  Yes, ma'am.

20          THE COURT:  Did anyone threaten you or coerce you or

21  promise you anything in order to get you to sign this consent

22  form?

23          THE DEFENDANT:  No, your Honor.

24          THE COURT:  Did you sign the form freely and

25  voluntarily?

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Ms. Brody, do you know of any reason why

3    the waiver and consent to proceed with a felony plea allocution

4    before a United States Magistrate Judge should not be accepted?

5              THE DEFENDANT:  No, your Honor.

6              THE COURT:  I find that Darrell Jones is fully

7    competent and capable of waiving his right to appear before a

8    United States District Judge in order to enter his plea of

9    guilty.  I therefore accept the consent form which I have

10   signed.  It has been marked as Court Exhibit 2 and will remain

11   in the Court's file.

12             Mr. Jones, do you understand that your right to be

13   represented by an attorney continues through every stage of the

14   proceedings, including trial and appeal, and that you have this

15   right whether or not you choose to plead guilty to these

16   offenses?

17             Do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Have you had sufficient opportunity to

20   consult with your attorney about your case and especially about

21   your decision to plead guilty?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Are you satisfied with the services which

24   counsel has provided to you?

25             THE DEFENDANT:  Yes, your Honor.

                 Angela O'Donnell, RPR, 914-390-4025

```
 1              THE COURT:  Have you told Ms. Brody everything you
 2   know about this case?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  I have before me a plea agreement dated
 5   April 18.  The original plea agreement should be marked as
 6   Government Exhibit 1 and will remain in the custody of
 7   government's counsel.
 8              Ms. Embola, would you have the defendant identify his
 9   signature on the last page of the plea agreement, please.
10              THE CLERK:  Mr. Jones, I'm showing you this plea
11   agreement.  Is this your signature affixed to the document?
12              THE DEFENDANT:  Yes, ma'am.
13              THE CLERK:  Have you read this document and discussed
14   it with your attorney?
15              THE DEFENDANT:  Yes, ma'am.
16              THE COURT:  Ms. Brody, did you review each and every
17   part of this plea agreement with Mr. Jones?
18              MS. BRODY:  I did, Judge.
19              THE COURT:  Mr. Jones, are you satisfied that you
20   understand the entire plea agreement which Ms. Brody has
21   reviewed with you?
22              THE DEFENDANT:  Yes, your Honor.
23              THE COURT:  Do you have any questions, either for
24   Ms. Brody or for me, about what this plea agreement says?
25              THE DEFENDANT:  No, your Honor.
```

```
 1              THE COURT:  Does the plea agreement contain the

 2    complete understanding between you and the government in

 3    connection with this case?

 4              THE DEFENDANT:  Yes, your Honor.

 5              THE COURT:  Do you understand that anything which is

 6    not set forth in the written plea agreement, or which is not

 7    told to me at this time on the record, will not be binding on

 8    the outcome of this case?

 9              Do you understand that?

10              THE DEFENDANT:  Yes, your Honor.

11              THE COURT:  Mr. Raymond, is there anything beyond the

12    written plea agreement that the Court should be aware of?

13              MR. RAYMOND:  Your Honor, I just want to raise your

14    attention.

15              Ms. Brody reminded me right before we started

16    Mr. Jones was in state custody for about a month before he was

17    writted over to federal custody, and then the writ -- the writ

18    was ultimately satisfied when the state dismissed their charges

19    in February, about a period of approximately two months.  The

20    government will consent that that should run against Mr. Jones'

21    ultimate sentence.

22              THE COURT:  He should get credit for --

23              MR. RAYMOND:  He should be credited for that period,

24    yes, your Honor.

25              THE COURT:  -- that period of time.
```

Angela O'Donnell, RPR, 914-390-4025

1              All right.  I'm also a little confused, Mr. Raymond.

2      At the bottom of the first page it says, In addition to the

3      foregoing, the Court must order restitution as specified below

4      and I don't see any specified below.

5              MR. RAYMOND:  Yes, your Honor.  I think that is our

6      normal form language but there is no restitution in this case.

7              THE COURT:  All right.  I just wanted to clarify

8      that.

9              MR. RAYMOND:  Thank you, your Honor.

10             MS. BRODY:  They love to use forms.  They love to cut

11     and paste on the third floor.

12             THE COURT:  Ms. Brody, other than Mr. Raymond's

13     comment about Mr. Jones being credited with his time in state

14     custody, is there any other agreement that the Court should

15     know about?

16             MS. BRODY:  No, Judge.

17             THE COURT:  Mr. Jones, did you sign this plea

18     agreement freely and voluntarily?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Did anyone force you or coerce you or

21     threaten you or promise you anything other than what is set

22     forth in the written plea agreement in order to get you to sign

23     that plea agreement?

24             THE DEFENDANT:  No, your Honor.

25             THE COURT:  Mr. Jones, if you are convicted of the

                    Angela O'Donnell, RPR, 914-390-4025

1   two charges set forth in this superseding felony information,

2   either after trial or by plea of guilty, you would be subject

3   on Count One to a maximum term of imprisonment of 40 years, a

4   mandatory minimum term of imprisonment of 5 years, a maximum

5   term of supervised release of life, a mandatory minimum term of

6   supervised release of four years, a maximum fine of the

7   greatest of $5 million or twice the gross gain or twice the

8   gross loss resulting from the offense and a mandatory $100

9   special assessment.

10          You would be subject on Count Two to a maximum term

11   of imprisonment of life, a mandatory minimum term of

12   imprisonment of five years, which must be served consecutively

13   to any other term of imprisonment imposed, a maximum term of

14   supervised release of life, a mandatory minimum term of

15   supervised release of five years, a maximum fine of the

16   greatest of $250,000 or twice the gross gain or twice the gross

17   loss resulting from the offense and a mandatory $100 special

18   assessment.

19          The total maximum sentence of incarceration that you

20   would face on these two counts is life imprisonment with a

21   mandatory minimum of 10 years imprisonment, five years of which

22   must be served consecutively to any other term of imprisonment

23   imposed.

24          If you are sentenced to a term of imprisonment, even

25   if you are sentenced to the maximum term of imprisonment, and

1    if you are also sentenced to a term of supervised release, if

2    you then violate the conditions of supervised release, you

3    could be sentenced to an additional term of imprisonment for

4    violating the conditions of supervised release which in this

5    case, would be an additional term on Count One of up to three

6    years and an additional term for Count Two of up to five years

7    for an additional potential term of imprisonment totaling eight

8    years.

9             You are also subject to the possibility of an order

10   of forfeiture or restitution, and the Court is authorized to

11   order either forfeiture or restitution or both as a part of

12   your sentence, although the government has already indicated it

13   does not anticipate any order of restitution in the case.

14             Do you understand that, sir?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Mr. Raymond, what's the maximum

17   forfeiture amount?

18             MR. RAYMOND:  Your Honor, the maximum forfeiture

19   amount would be $18,000.

20             THE COURT:  You have agreed in your plea agreement to

21   admit the forfeiture allegation in a maximum amount of $18,000.

22   The government would, upon a finding of forfeiture which you

23   have agreed to admit, the government would be able to establish

24   that the value of the amount of proceeds traceable to the

25   narcotics transaction referenced in Count One of the indictment

1    totaled up to and no more than $18,000.  Upon establishing such

2    an amount, they would be entitled to seize or retain any money

3    or other thing of value up to that value representing the

4    proceeds of the offense to which you are offering a plea of

5    guilty in Count One.

6           If you did not admit the forfeiture allegation, you

7    would be entitled to a hearing to determine whether forfeiture

8    is appropriate.  For purposes of such a hearing, you would be

9    entitled to the assistance of counsel and to the assignment of

10   counsel if you could not afford an attorney.  By admitting to

11   the forfeiture allegation, you're giving up that right but you

12   retain the right to contest the amount of forfeiture in an

13   amount up to $18,000.

14          Do you understand that, sir?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Do you understand that these are the

17   possible sentences that could be imposed following your plea of

18   guilty in this matter?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  I'm required to advise you that if you

21   are not a United States citizen, a finding that you are guilty

22   of a felony offense may have a negative impact upon your

23   immigration status, and upon any application you may have made

24   in the past or which you may make in the future, for permission

25   to remain in the United States or to become a United States

1  citizen.  You also may be subject to an order of deportation as

2  a result of this guilty plea if you are not a United States

3  citizen, and under certain circumstances deportation may be

4  mandatory.

5            Additionally, if you are deported, you may be

6  prohibited from reentering the United States permanently,

7  unless you are able to get permission to reenter from the

8  Attorney General of the United States or from the Secretary of

9  Homeland Security.

10           Do you understand that?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  Do you also understand that you are

13  pleading guilty to felony offenses and an adjudication of guilt

14  of a felony offense may deprive you of certain valuable civil

15  rights which may include the right to vote, the right to public

16  office, the right to serve on a jury, the right to possess any

17  type of firearm, including rifles and shotguns, the right to be

18  considered for certain types of employment, or to be bonded, or

19  to serve in the United States military, and the right to

20  possess or obtain certain government-issued licenses, including

21  licenses that may be required in certain professions and

22  occupations?

23           Do you understand that, sir?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  Do you also understand that one effect of

1    a plea of guilty to a narcotics-related offense, such as that

2    which is charged in Count One, is that you may be ineligible

3    for certain federal and federally-funded benefits that you may

4    otherwise have been eligible for, including but not limited to,

5    Social Security, food stamp benefits, education loans or

6    grants, and public housing or housing subsidies?

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Do you understand that this consequence

10   may be for a limited period of time, or it may be a permanent

11   barrier to your obtaining these benefits, depending on the

12   crime of conviction and your prior criminal record?

13             Do you understand that?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Mr. Jones, do you understand that these

16   are the possible legal consequences of entering a guilty plea

17   in this case?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Do you understand that the United States

20   Sentencing Commission has issued guidelines for judges to

21   follow in determining the appropriate sentence in a criminal

22   case?

23             Do you understand that?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Do you also understand that these

1    guidelines are not mandatory, but they must be considered by

2    the Court, along with other factors which are listed at Title

3    18, United States Code, Section 3553, and the judge must

4    consider all of those things when the judge determines the

5    appropriate sentence to impose, including whether to grant

6    departures from the guidelines, both upward departures and

7    downward departures?

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Have you and Ms. Brody talked about how

11   the sentencing guidelines would be calculated in your case?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  The plea agreement in this case sets

14   forth a stipulated sentencing range of 262 to 327 months in

15   prison and a stipulated fine range of 30,000 to $300,000.

16             Do you understand that these numbers represent an

17   understanding between you and your attorney and the attorney

18   for the government, and that these numbers are not binding on

19   the District Judge when he imposes sentence?

20             Do you understand that?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Do you understand that the District Judge

23   will consider the guidelines, but that he will impose a

24   sentence in accordance with the statute, which in this case

25   means that the prison term on Count One will be not more than

1  40 years and not less than five years, and the prison term on

2  Count Two will be not more than life and not less than five

3  years, which must run consecutively to any other term imposed?

4             Do you understand that?

5             THE DEFENDANT:  Yes, your Honor.

6             THE COURT:  Do you understand that the Court will not

7  be able to determine the appropriate sentence in your case

8  until after a presentence report has been prepared and until

9  you and your attorney, as well as the government, have had an

10  opportunity to challenge the facts that are reported in the

11  presentence report, as well as the calculation of the

12  sentencing guidelines range and any sentencing recommendation

13  in that report?

14             Do you understand that?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Do you also understand that if there are

17  any objections to the presentence report, that those objections

18  will be ruled on by the Court and, if necessary, a hearing will

19  be held to determine what information is relevant to the

20  Court's determination of the sentence?

21             Do you understand that?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you also understand that you would

24  have the right to appeal any sentence that is greater than the

25  top end of the guidelines range set forth in the plea agreement

1    and that the government would have the right to appeal any

2    sentence that is lower than the bottom end of the guidelines

3    range set forth in the plea agreement?

4             Do you understand that?

5             THE DEFENDANT:  Yes.

6             THE COURT:  You have specifically agreed that you

7    will not file a direct appeal, or a collateral challenge, or

8    seek a sentence modification of any sentence within or below

9    the stipulated guidelines range of 262 to 327 months in prison,

10   and that the government will not appeal any sentence within or

11   above the stipulated guidelines range.

12            You have also agreed not to appeal any term of

13   supervised release that is less than or equal to the statutory

14   maximum term for supervised release.

15            You have agreed not to appeal any fine that is less

16   than or equal to $300,000, and the government has agreed not to

17   appeal any fine that is greater than or equal to $30,000.

18            Do you understand that?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  Do you understand that one effect of the

21   plea agreement that you have entered into is that you are

22   giving up other rights that you might have had to appeal or

23   otherwise attack the sentence imposed by the Court, except that

24   you retain certain rights to assert a claim of ineffective

25   assistance of counsel, although you would waive certain rights,

1    such as any claim of ineffective assistance of counsel relating

2    to counsel's effectiveness during the sentencing proceeding?

3              Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Mr. Jones, do you also understand that if

6    you disagree with the Court's sentencing decision, that will

7    not give you a basis for withdrawing your plea of guilty?

8              Do you understand that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Do you understand that parole has been

11   abolished and if you are sentenced to a term of imprisonment,

12   you will not be eligible for early release on parole?

13             Do you understand that?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Even though you would not be eligible for

16   parole, you may, if you are sentenced to a term of

17   imprisonment, be eligible to earn credit for good behavior, but

18   even if you were to succeed in earning credit for good

19   behavior, you would be required to serve at least 85 percent of

20   any prison term before you may be eligible for release.

21             Do you understand that, sir?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you understand that you do not have to

24   plead guilty and you have an absolute right to plead not guilty

25   and to have the matter go to trial by judge or by jury?

1            Do you understand that?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  Do you understand that if you choose to

4   plead not guilty, you are entitled to have a speedy and public

5   trial of your case?

6            Do you understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Do you understand that at any trial of

9   this matter, you would be entitled to the presumption of

10  innocence, and that the presumption would remain with you until

11  the government proves each and every element of any one or more

12  of the crimes charged against you beyond a reasonable doubt to

13  the satisfaction of the judge, if it is a judge trial, or to

14  the unanimous satisfaction of the jury, if it is a jury trial?

15           Do you understand that?

16           THE DEFENDANT:  Yes, your Honor.

17           THE COURT:  At such a trial, you would have the

18  right, with the assistance of your attorney, to confront and

19  cross examine the witnesses against you.  You would have the

20  right to call witnesses to testify for you and to have

21  subpoenas issued to compel witnesses to give testimony and to

22  produce evidence.

23           You would also have the right to testify at your

24  trial, but you could not be forced to testify.  If you decided

25  not to testify, your decision to remain silent could not be

 1   held against you in any way.  At your trial, you would also

 2   have the right I have spoken of, to the assistance of an

 3   attorney, and to have an attorney appointed to represent you

 4   without fee if you could not afford counsel.  Additionally, if

 5   you were convicted of any charge at trial, you would have the

 6   right to appeal from the verdict.

 7            Do you understand that if you plead guilty to the

 8   charges in this superseding felony information, that you would

 9   give up your right to a trial, and except for the right to

10   counsel, which you retain, you would also give up all the other

11   rights which I have explained to you here?

12            Do you understand that, sir?

13            THE DEFENDANT:  Yes, your Honor.

14            THE COURT:  Mr. Jones, have you clearly heard and

15   understood everything I've said to you?

16            THE DEFENDANT:  Yes, your Honor.

17            THE COURT:  Have you understood each of the rights

18   that I have asked you about?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  Do you have any questions, either for me

21   or for Ms. Brody, about anything I've said or about anything

22   I've asked you?

23            THE DEFENDANT:  No, ma'am.

24            THE COURT:  You may be seated.

25            Mr. Raymond, what are the elements of the offenses

1   and what is the government prepared to prove at trial in order

2   to establish those elements?

3          MR. RAYMOND:  Thank you, your Honor.

4          The elements of Count One are that the defendant

5   possessed a mixture or substance containing a controlled

6   substance; that he did so knowingly or intentionally; that he

7   intended to distribute the controlled substance, and in this

8   case that the controlled substance was 100 grams and more of

9   heroin.

10          With respect to Count Two, the elements are that the

11   defendant possessed and carried and used a gun; and, second,

12   that he did so in furtherance of his narcotics trafficking,

13   namely, that charged in Count One.

14          The government would also have to prove by a

15   preponderance of the evidence that venue within the Southern

16   District is proper.

17          Your Honor, the government would prove at trial

18   beyond a reasonable doubt that in or about November 2018, the

19   defendant possessed 300 grams of heroin which he intended to

20   distribute, and a firearm at his apartment, which is located in

21   Mount Vernon.

22          The evidence the government would submit at trial

23   would include among other evidence, evidence including audio

24   and surveillance of controlled purchases of heroin from

25   Mr. Jones in July and August 2018.  And then, after obtaining a

1   search warrant of his house in mid-November, towards the end of

2   November, November 24th, 2018, the results of that search

3   warrant, namely, mail addressed to him showing that he lived at

4   the apartment; approximately 300 grams of heroin, and a firearm

5   which had been separated, its top receiver and its bottom

6   receiver, which was found in close proximity to the 300 grams

7   of heroin.

8          THE COURT:  And with regard to the forfeiture?

9          MR. RAYMOND:  Your Honor, that's an estimate of the

10  approximate street value of 300 grams of heroin.

11         THE COURT:  All right.  Thank you.

12         MR. RAYMOND:  Thank you, your Honor.

13         THE COURT:  Mr. Jones, stand up.

14         Did you hear and understand what the Assistant United

15  States Attorney said?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  Do you understand the elements of the

18  offenses to which you are offering a guilty plea?

19         THE DEFENDANT:  Yes, ma'am.

20         THE COURT:  At this time, how do you wish to plead to

21  the charge of possession with intent to distribute a controlled

22  substance, specifically, 100 grams and more of substances

23  containing a detectable amount of heroin as charged in Count

24  One of the pending superseding felony information?

25         How do you wish to plead?

Angela O'Donnell, RPR, 914-390-4025

1            THE DEFENDANT:  Guilty.

2            THE COURT:  How do you wish to plead to the charge of

3    possession of a firearm in furtherance of a narcotics

4    trafficking activity as charged in Count Two of the pending

5    superseding felony information?

6            How do you wish to plead?

7            THE DEFENDANT:  Guilty.

8            THE COURT:  Do you wish to admit or deny the

9    forfeiture allegation in a maximum amount of $18,000?

10           THE DEFENDANT:  Admit.

11           THE COURT:  Has anyone threatened you or coerced you

12   or pressured you improperly in order to get you to plead guilty

13   to these charges and admit to this forfeiture allegation?

14           THE DEFENDANT:  No, your Honor.

15           THE COURT:  Has anyone made any promises to you,

16   other than what is set forth in the plea agreement in order to

17   induce you to plead guilty and to admit to this forfeiture

18   allegation?

19           THE DEFENDANT:  No, your Honor.

20           THE COURT:  Has anyone made any specific promise to

21   you about what the sentence of the Court will be?

22           THE DEFENDANT:  No, your Honor.

23           THE COURT:  Mr. Jones, tell me what you did to commit

24   these crimes.

25           THE DEFENDANT:  In and around November 2018, I

1    intentionally and knowingly possessed with intent to distribute

2    more than 100 grams of heroin.  I knew this was a crime and

3    illegal.  This took place in Mount Vernon, New York.

4              Count Two.  In connection with my drug trafficking, I

5    knowingly possessed a firearm.  I knew this was a crime and

6    illegal.  Again, this was in the city of Mount Vernon,

7    New York.

8              THE COURT:  Did you possess the firearm in order to

9    protect and maintain the narcotics?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  And you said it was more than 100 grams.

12   Was it, in fact, approximately 300 grams of substances

13   containing heroin?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  It was your intention to distribute that

16   substance?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  And when I say distribute, would you have

19   intended to sell or exchange it for things of value, including

20   money and other things of value?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Do you agree that the value of the heroin

23   had a maximum value of $18,000?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Did you commit these acts knowingly and

1  willfully?

2          THE DEFENDANT:  Yes, ma'am.

3          THE COURT:  Did you know it was against the law to do

4  what you were doing?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  Is there anything else which either

7  counsel believes the Court needs to elicit from the defendant

8  before making the recommendation contemplated by Rule 11?

9          Mr. Raymond.

10         MR. RAYMOND:  No, your Honor, thank you.

11         THE COURT:  Ms. Brody?

12         MS. BRODY:  No, Judge, we thank you.

13         THE COURT:  Ms. Brody, do you know of any reason why

14  the Court should not recommend acceptance of your client's plea

15  of guilty?

16         MS. BRODY:  We do not, Judge.

17         THE COURT:  Mr. Raymond, do you know of any reason

18  why the Court should not recommend acceptance of the plea?

19         MR. RAYMOND:  No, your Honor.

20         THE COURT:  Mr. Jones.

21         THE DEFENDANT:  Yes, ma'am.

22         THE COURT:  In light of everything that has been said

23  here today, including a statement of the charges against you,

24  the possible penalties you face, and the rights you are giving

25  up, is it still your wish to plead guilty to the two charges

1    set forth in this superseding felony information and to admit

2    the forfeiture allegation in the maximum amount of $18,000?

3             THE DEFENDANT:  Yes, ma'am.

4             THE COURT:  Upon this allocution, I find that the

5    defendant, Darrell Jones, is fully competent and capable of

6    entering an informed plea.  The plea is knowing and voluntary

7    and is supported by an independent factual basis for each and

8    every element of the crimes charged.

9             Accordingly, I respectfully report and recommend to

10    Judge Román that the plea should be accepted and that the

11    defendant should be adjudged guilty of the two offenses charged

12    in the superseding felony information S1 19CR35.

13             I further report and recommend that the defendant

14    shall be deemed to have admitted the forfeiture allegation in a

15    maximum amount of $18,000.

16             I direct that a presentence investigation be

17    conducted by the United States Department of Probation.

18             Mr. Jones, after this proceeding, Ms. Brody is going

19    to go to the Department of Probation on the ground floor of

20    this building and she's going to make arrangements for you to

21    be interviewed by a representative of the Department of

22    Probation.  I'm sure she will assist you in connection with

23    that interview, and you are entitled to have her present during

24    the interview, if you wish.  You must be fully honest and

25    truthful during that interview, because if it comes to the

31

1    Court's attention that you have provided false, incomplete or

2    misleading information, that may be held against you at the

3    time of sentencing.

4              Do you understand that?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  Just a reminder, Ms. Brody, the interview

7    with Probation must be scheduled to occur within 14 days.

8              Mr. Raymond, the prosecution case summary likewise is

9    to be delivered to probation no later than 14 days from today.

10             MR. RAYMOND:  Thank you, your Honor.

11             THE COURT:  I further direct the clerk of the court

12   to provide a transcript of these proceedings within 30 days

13   setting forth my report and recommendation to Judge Román.  The

14   transcript is to come to me for review.

15             Detention is continued.

16             The matter is adjourned for sentencing, September 19

17   at 10:30 a.m.  Counsel should contact Judge Román's chambers

18   prior to that date to confirm the date and time of sentencing.

19             Is there anything further, Mr. Raymond?

20             MR. RAYMOND:  No.  Thank you very much, your Honor.

21             THE COURT:  Ms. Brody?

22             MS. BRODY:  No, Judge.  What was the date and time of

23   sentencing?

24             THE COURT:  September 19, 10:30 a.m.

25             MS. BRODY:  Thank you.

                    Angela O'Donnell, RPR, 914-390-4025

1              MR. RAYMOND:  Thank you, your Honor.

2              THE COURT:  Thank you.  We are adjourned.

3              (Proceedings concluded).

4    Certified to be a true and accurate

5    transcript of the digital electronic

6    recording to the best of my ability.

7    _____

8    U.S. District Court

9    Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                Angela O'Donnell, RPR, 914-390-4025