# MANDATE

S.D.N.Y.–W.P.
19-cr-35
21-cv-6465
Román, J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 16, 2025

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-five.

Present:
    Steven J. Menashi,
    Alison J. Nathan,
      *Circuit Judges*,
    Katherine Polk Failla,
      *District Judge.*\*

Darrell Jones,

        *Petitioner*,

      v.                  25-989

United States of America,

        *Respondent*.

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion based on newly discovered evidence. Upon due consideration, it is hereby ORDERED that the motion is DENIED.

As an initial matter, to the extent Petitioner raises claims that also were raised in a prior § 2255 proceeding, they must be dismissed. *See Gallagher v. United States*, 711 F.3d 315, 315 (2d Cir. 2013) (per curiam) ("We must dismiss a claim [in a motion for leave to file a successive § 2255 motion] that was presented in a prior motion under § 2255."); *see also* 2d Cir. 23-6589 (Petitioner's

---

\* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 12/15/2025

prior proceeding). However, even if all of Petitioner's present claims can be considered new, Petitioner has not made a prima facie showing that the requirements of § 2255(h) are satisfied for the following reasons.

First, although Petitioner relies on certain recently obtained documents, he has not made a showing that the information in those documents could not have been discovered prior to the filing of his first § 2255 motion through the exercise of due diligence. *See Herrera-Gomez v. United States*, 755 F.3d 142, 147 (2d Cir. 2014) (holding that prisoners seeking leave to file a successive § 2255 motion must act with "'due diligence' in investigating and presenting their claims based on newly discovered evidence").

Second, and in any event, Petitioner also has not made a showing that the evidence he discusses, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty," as required by § 2255(h)(1). The evidence discussed by Petitioner does not directly bear on the inculpatory evidence in his case. More importantly, and as noted in the order disposing of Petitioner's prior proceeding docketed under 2d Cir. 23-6589, Petitioner does not address his inculpatory admissions at his guilty plea hearing or explain why the evidence discussed in the present motion would cause a reasonable factfinder to reject those inculpatory admissions. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (discussing the "strong presumption of verity" given to sworn statements at plea hearings and the defendant's ability to rebut the presumption); *Mata v. United States*, 969 F.3d 91, 94 (2d Cir. 2020) (applying *Blackledge* in the context of a successive § 2255 motion); *see also* 2d Cir. 23-6589, doc. 7 (Or.) at 2 (denying Petitioner's prior successive motion, based partly on his failure to address his admissions at his guilty plea hearing).

Finally, to the extent Petitioner seeks to bring an actual innocence claim, he has failed to make a showing "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (discussing standard for actual innocence claims as gateway to defaulted constitutional claims); *id.* at 555 (discussing the higher standard applicable to freestanding actual innocence claims).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit